**William L. JAMES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 18089.

United States Court of Appeals
Fifth Circuit.

Sept. 7, 1960.

King C. Haynie, Houston, Tex., for appellant.

William B. Butler, U. S. Atty., Brian S. Odem, Asst. U. S. Atty., Houston, Tex., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction in the United States District Court for the Southern District of Texas for violation of 21 U.S.C.A. § 174, by the unlawful importation and transportation of narcotics. The sole question raised here is whether the trial court erred in denying the appellant's motion for judgment of acquittal predicated upon the contention that the evidence was insufficient to warrant submitting the case to the jury.

The appellant and his common law wife, Terrance Delores James, were named in a two-count indictment charging the alleged violation of 21 U.S.C.A. § 174, in that they did knowingly and fraudulently import and facilitate the transportation and concealment of three grams of heroin while knowing the same to have been imported contrary to the law. The appellant moved for a severance and the same was granted and he stood trial before a jury and was convicted on both counts of the indictment, being sentenced to five years imprisonment.

While seeking entry into the United States from Mexico at Laredo, Texas the appellant and his wife were stopped and searched by customs agents. Nothing illegal was then found, although the appellant was obviously under the influence of a narcotic. Under interrogation, the appellant admitted having had an injection of narcotics some twenty-four hours earlier from a doctor in Oklahoma where he claimed to have received emergency medical treatment for hemorrhoids. He further admitted to having used narcotics for approximately four years, although he denied being an addict.

A preliminary search of Terrance Delores James disclosed a hypodermic syringe and two needles in her purse, which she explained as being used by her for

the treatment of a cardiac condition, but there were no marks on her evidencing any injections. The appellant, on the other hand, had many needle marks on both arms. The two were taken to a physician's clinic where physical examination failed to disclose any contraband on the person of William James. However, the examination disclosed that he had, within the last eight or ten hours, received a narcotic injection and was under its influence at that time. Physical examination of Terrance James disclosed three grams of heroin secreted in her vaginal cavity. When the appellant was confronted with this package and questioned as to what it might contain, he replied: "I guess it is dope."

The appellant is contending here that there was no heroin found in his possession; that he was unaware of his wife's possession of such; that the evidence was solely circumstantial and would not support submission of the case to the jury; and that the court should have granted his motion for judgment of acquittal. The appellee argued that there was enough evidence in the surrounding circumstances to warrant the jury's finding that appellant had sufficient knowledge of the possession and transportation of the heroin and was enough of a participant therein as to be deemed a principal[1] and therefore guilty as though he, himself, had physically carried the heroin into the United States.

After a careful consideration of the evidence as presented by this record before us, we are of the opinion that such evidence, although circumstantial, was sufficient to support the action of the lower court in submitting the case to the jury and to sustain the verdict rendered by it.

Affirmed.

---

1. Cf. 18 U.S.C.A. § 2:

"(a) Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.

"(b) Whoever causes an act to be done, which if directly performed by him would be an offense against the United States, is also a principal and punishable as such."